1

2

3

4

5

6

7

8              **UNITED STATES DISTRICT COURT**

9             **EASTERN DISTRICT OF CALIFORNIA**

10

11   SEAVON PIERCE,                    )   Case No.: 1:16-cv-001139-LJO-SAB (PC)
                                       )
12              Plaintiff,             )
                                       )   FINDINGS AND RECOMMENDATIONS
13      v.                             )   RECOMMENDING PLAINTIFF'S APPLICATION
                                       )   TO PROCEED IN FORMA PAUPERIS IN THIS
14   BARACK OBAMA, ET AL.,             )   ACTION BE DENIED
                                       )
15              Defendants.            )   (ECF No. 2)
                                       )
16   _____ )   THIRTY-DAY DEADLINE

17                          **I.**

18                     **INTRODUCTION**

19        On August 1, 2016, Plaintiff Seavon Pierce, a state prisoner proceeding pro se, filed this civil

20   rights action pursuant to 42 U.S.C. § 1983, along with a motion to proceed in forma pauperis, 28

21   U.S.C. § 1915(a).  (ECF Nos. 1 and 2.)  However, the Court finds that Plaintiff is subject to section

22   1915(g) of the statute, and he may only proceed in forma pauperis if he has met the imminent danger

23   exception.  28 U.S.C. § 1915(g); <u>Andrews v. Cervantes</u>, 493 F.3d 1047, 1051-1052 (9th Cir. 2007).

24                          **II.**

25                    **LEGAL STANDARD**

26        The Prison Litigation Reform Act of 1995 (PLRA) was enacted "to curb frivolous prisoner

27   complaints and appeals."  <u>Silva v. Di Vittorio</u>, 658 F.3d 1090, 1099-1100 (9th Cir. 2011).  Pursuant to

28   the PLRA, the in forma pauperis statue was amended to include section 1915(g), a non-merits related

                                       1

screening device which precludes prisoners with three or more "strikes" from proceeding in forma pauperis unless they are under imminent danger of serious physical injury. Andrews, 493 F.3d at 1050. The statute provides that "[i]n no event shall a prisoner bring a civil action … under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

### III.

### DISCUSSION

Plaintiff is subject to section 1915(g) because on three or more occasions he has filed actions that have been dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted.[1] The issue is whether Plaintiff has met the imminent danger exception, which requires Plaintiff to show that he is under (1) imminent danger of (2) serious physical injury and which turns on the conditions he faced at the time he filed suit on August 1, 2016. Andrews, 493 F.3d at 1053-1056. Conditions which posed imminent danger to Plaintiff at some earlier time are immaterial, as are any subsequent conditions. Id. at 1053. While the injury requirement is merely procedural rather than a merits-based review of the claims, the allegations of imminent danger must still be plausible. Id. at 1055.

The Court has reviewed Plaintiff's complaint and finds that Plaintiff does not meet the imminent danger exception. Andrews, 493 F.3d at 1053. Plaintiff brings this action naming himself and thirty three other "co-joined" plaintiffs and thirty one defendants. Plaintiff alleges in the complaint that he is being denied legal counsel in his actions against employees of the California

---

[1] The Court takes judicial notice of case numbers 2:12-cv-09211-UA-CW Pierce v. California State (C.D. Cal.) (dismissed November 16, 2012 as frivolous, malicious, and failure to state a claim); 1:10-cv-00285-JLT Pierce v. Gonzales, (E.D. Cal.) (dismissed Dec. 3, 2012 for failure to state a claim), appeal No. 13-15114 (9th Cir.) (dismissed May 7, 2013 for failure to pay filing fee); 2:13-cv01939-UA-CW Pierce v. Warden of Lancaster (C.D. Cal.) (dismissed March 28, 2013 as frivolous, malicious, and for failure to state a claim); 1:15-cv-650-DAD-DLB Pierce v. Unknown, (E.D. Cal.) (dismissed December 1, 2015 for failure to state a claim), appeal No. 15-17511 (9th Cir.) (dismissed April 29, 2016 for failure to pay filing fee); 2:13-cv-08126-UA-CW Pierce v. Lancaster State Prison (C.D. Cal.) (dismissed November 12, 2013 for failure to state a claim).

Department of Corrections and Rehabilitation ("CDCR").  Plaintiff contends that federal judges are being bribed by CDCR employees to dismiss defendants from actions that he has filed.

Additionally, Plaintiff complains that his rights under the First Amendment are violated due to his reports of CDCR misconduct to news agencies being fraudulently concealed because prison officials are reviewing his outgoing mail.  Plaintiff also makes vague accusations regarding his family members being contacted by prison officials who handle confidential informants to "contain the information of legal matters being filed against law enforcement associated persons."  (ECF No. 1 at 5.[2])  Plaintiff wants a stay until he is allowed to file his cases with the assistance of an attorney and send and receive mail without governmental interference.[3]

Plaintiff's complaint contains no allegations to demonstrate that he is any imminent danger of serious physical injury.  Therefore, Plaintiff has not satisfied the exception from the three strikes bar under 28 U.S.C. § 1915(g), and must pay the $400.00 filing fee if he wishes to litigate this claim.  Accordingly, Plaintiff is ineligible to proceed in forma pauperis in this action.

## IV.

## RECOMMENDATIONS

Based on the foregoing, it is HEREBY RECOMMENDED that:

1.      Plaintiff's application to proceed in forma pauperis be DENIED; and

2.      This action be dismissed without prejudice for Plaintiff to refile with payment of the filing fee.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **thirty (30) days** after being served with these findings and recommendations, Plaintiff may file written objections with the Court.   The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may

---

[2] All references to pagination of specific documents pertain to those as indicated on the upper right corners via the CM/ECF electronic court docketing system.

[3] The Court notes that this same complaint was filed with the Central District of California on July 20, 2016, in case no. 2:16-cv-05387-VAP-JEM.  The action was dismissed on July 27, 2016 as barred by the PLRA three strikes provision and as frivolous, malicious or for failure to state a claim.

result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014)
(citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).


IT IS SO ORDERED.

Dated:   **August 8, 2016**

UNITED STATES MAGISTRATE JUDGE